UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BARNES, | Case No. 2:25-cv-1192-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| NAPA STATE HOSPITAL, | |
| Defendant. | |

Plaintiff, a civil detainee proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has neither filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 nor paid the filing fee for this action.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the defendant is located, and the claim arose in Napa County, which is in the Northern District of California. Therefore, plaintiff's claim should have been filed in the United

1   States District Court for the Northern District of California.  In the interest of justice, a federal
2   court may transfer a complaint filed in the wrong district to the correct district.  *See* 28 U.S.C.
3   § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).
4       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
5   States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   April 28, 2025

                                 JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE